Winthrop Taylor, Appellant, v. Smithtown Country, Outing and Beach Club, Inc., and Bank of Smithtown, Respondents, and Others, Defendants.— In an action to declare an equitable lien on real property, for subrogation, etc., judgment dismissing the complaint on the merits after trial reversed on the law and the facts, with costs, and judgment directed in favor of appellant in the amount of $1,093.25, plus interest from August 1, 1937, together with costs. The judgment will provide that appellant is entitled to be subrogated to the rights of the mortgagee to the extent of the recovery herein, but subject to the mortgagee's prior interest in the mortgage in the amount of $1,750. Findings and conclusions reversed. New findings and conclusions will be made. While it is true that the appellant agreed to construct the stables without financial obligation on the part of the respondent club, it appears that thereafter the club agreed, as an inducement to appellant to pay unpaid charges for construction of the stables, which he was not bound to pay, that the stables would be used for restricted purposes and kept insured against fire for appellant's protection. After appellant had made the payments in good faith the club violated these covenants by leasing the stables for a non-restricted use and by using the proceeds of the fire insurance partially to satisfy a mortgage on the property. Appellant is entitled to be subrogated to the rights of the mortgagee in the mortgage to the extent that the funds

to which he was entitled were thus diverted, namely, $1,314.25. The respondent club is entitled to an offset in the amount of $221, the subject of the complaint in the action which was consolidated with the present action. Interest will be allowed on the amount of $1,093.25 from August 1, 1937. There was no enforcible agreement with respect to the $2,400 paid by the appellant for stalls, and no relief can be predicated thereon. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur. Settle order on notice.